UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DIEGO VICENTE DEQUEIROZ | CIVIL ACTION |
| VERSUS | NO. 25-206 |
| LOUISIANA STATE, ET AL. | SECTION "A"(3) |

## REPORT AND RECOMMENDATION

On January 28, 2025, plaintiff Diego Vincente DeQueiroz filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging he suffered a serious head injury by another inmate in St. Tammany Parish Jail who was not permitted to be housed in the general population.[1] DeQueiroz alleges that the other inmate knocked him unconscious resulting in his hospitalization.[2]

DeQueiroz did not pay the filing fee or submit a pauper application with his complaint. On January 30, 2025, the Clerk of Court sent DeQueiroz a notice of this deficiency which required DeQueiroz to either pay the filing fee or submit a properly completed and certified pauper application within twenty-one days of the date of the notice.[3] The necessary pauper form was provided to DeQueiroz with the Notice of Deficiency.[4] As DeQueiroz's complaint was missing page four and page three was incomplete, he was also directed to complete the pages and return them.[5] The

---

[1] R. Doc. 1 at 5.
[2] *Id.*
[3] R. Doc. 2.
[4] R. Doc. 2-2.
[5] R. Doc. 2 at 1.

envelope mailed to DeQueiroz at his prison address of record was not returned as undeliverable.

On March 5, 2025, when DeQueiroz did not respond to the deficiency notice, the Court issued an order for DeQueiroz to show cause by March 26, 2025, why his complaint should not be dismissed for failure to prosecute by his failure to pay the filing fee or submit a certified pauper application and complete all pages of his complaint.[6] The Court warned DeQueiroz that "**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED.**"[7] On March 21, 2025, DeQueiroz returned pages three and four of the complaint, but did not pay the filing fee or submit a pauper application.[8]

On March 28, 2025, the Court issued a second order for DeQueiroz to show cause by April 21, 2025, why his complaint should not be dismissed for failure to prosecute by his failure to pay the filing fee or submit a certified pauper application.[9] The Court again warned DeQueiroz that "**FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION THAT THIS CASE BE DISMISSED.**"[10] The envelope mailed to DeQueiroz at his prison address of record was not returned as undeliverable.

---

[6] R. Doc. 3.
[7] *Id.* at 2.
[8] R. Doc. 4.
[9] R. Doc. 5.
[10] *Id.* at 3.

To date, DeQueiroz has not submitted a certified pauper application or paid the filing fee. DeQueiroz's failure to comply with the orders to show cause clearly reflects a failure on his own part to prosecute.

In light of the foregoing, it is appropriate to dismiss DeQueiroz's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *McCullough v. Lyna*ugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

Because DeQueiroz is proceeding *pro se*, the Court need consider only his conduct in determining whether dismissal is proper under Rule 41(b). As noted, DeQueiroz was twice ordered to pay the required filing fee or submit an application to proceed as pauper. To date, the filing fee remains unpaid and no pauper application has been submitted. Moreover, there is no indication that he failed to receive the Court's prior orders. For these reasons, the Court is unable to advance DeQueiroz's claims on the docket. Accordingly, his complaint should be dismissed for failure to prosecute

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Diego Vincente DeQueiroz's § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 7th day of May, 2025.

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**